## K. B., a minor v SCHOOL BOARD OF BREVARD COUNTY
### Case No. 84-0643E
State of Florida, Division of Administrative Hearings
August 22, 1985

### APPEARANCES OF COUNSEL

**Judith E. Koons** for petitioner.
**Bill Walter,** School Board Attorney, for respondent.

### OPINION

WILLIAM J. KENDRICK, Hearing Officer.

### *FINAL ORDER*

By response to order to show cause, filed January 25, 1985, Petitioner averred that all issues between the parties had been resolved, with the exception of payment of costs for independent experts.

Petitioner asserted that, if the parties could not resolve the cost issue, Petitioner would file a motion to assess such costs against Respondent.

## FINDINGS OF FACT

On July 17, 1985, Petitioner filed a motion for assessment of costs. Petitioner asserts she is entitled, pursuant to Rule 6A-6.3311(4), F.A.C., to the costs she incurred to secure an independent educational evaluation from a qualified examiner. Petitioner asserts she disagreed with the school district's Februry 1983 decision regarding its refusal to place the student in the specific learning disabilities program. The evaluations Petitioner secured were rendered in or about July 1983.

Respondent opposes Petitioner's request on the basis that Petitioner did not "request" of the school district an independent evaluation following its February 1983 evaluation and because, following the commencement of this action, it caused to be made certain educational evaluations upon which it based its decision to place the student in the specific learning disabilities program. However, the district never sought a due process hearing to establish that its February 1983 evaluation was appropriate but, rather, reevaluated the student after Petitioner had already secured an independent evaluation, and had commenced these proceedings.

## CONCLUSIONS OF LAW

1. The Division of Administrative Hearings has jurisdiction over the parties to, and the subject matter of, these proceedings.

2. Rule 6A-6.3311(4), F.A.C., provides:

> Independent evaluation. The school district shall provide the parent of an exceptional student the right to an independent evaluation and shall consider the results of such evaluation in any decision regarding the student. The independent evaluation shall be conducted by a qualified evaluation specialist as prescribed in Rule 6A-6.331(1)(a), F.A.C., who is not an employee of the district school board. A parent has the right to an independent evaluation at public expense if the parent disagrees with an evaluation obtained by the school district, provided, however, the school district may initiate a due process hearing to show that its evaluation is appropriate. If the final decision is that the district evaluation is appropriate, the parent still has the right to an independent evaluation, but not at public expense. . . .

Petitioner has established her right to an independent evaluation at public expense.

244

Based on the foregoing Findings of Fact and Conclusions of Law, it is

ORDERED that:

1. This cause be, and the same is, hereby DISMISSED.

2. Petitioner's motion to assess costs is GRANTED. Respondent shall pay to Petitioner the sum of Three Hundred ($300.00) Dollars, as costs incurred in securing an independent educational evaluation pursuant to Rule 6A-6.3311(4), *F.A.C.*.

DONE AND ENTERED this 22nd day of August, 1985, at Tallahassee, Florida.